UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| KEITH HART, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 6: 04-321-DCR |
| | ) |
| V. | ) |
| | ) |
| CITY OF WILLIAMSBURG, KENTUCKY, | ) |
| CITY OF WILLIAMSBURG POLICE | ) |
| DEPARTMENT, BRADLEY NIGHBERT, | ) |
| ROGER WAYNE BIRD, BRAD BOYD, | ) |
| BILL NIGHBERT, AND DON HAMLIN, | ) |
| | ) |
| Defendants/Third Party Plaintiffs, | ) |
| | )  **MEMORANDUM OPINION** |
| V. | )  **AND ORDER** |
| | ) |
| JERRY TAYLOR and UNKNOWN | ) |
| EMPLOYEES OF THE WHITLEY | ) |
| COUNTY JAIL, | ) |
| | ) |
| Third Party Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is currently pending for consideration of a motion to dismiss filed by Third Party Defendant Jerry Taylor. [Record No.29] Because this motion relies on matters outside the pleadings, resolution of the issues presented is not appropriate under Rule 12 of the Federal Rules of Civil Procedure. Rather, the Court has previously placed the parties on notice that it will consider the pending motion as one for summary judgment pursuant to Rule 56. [Record No. 34] For the reasons stated below, the Court will grant, in part, and deny, in part, the Third Party Defendants' motion for summary judgment.

**I.     BACKGROUND**

On July 9, 2004, Plaintiff Keith Hart ("Hart") filed this action against the City of Williamsburg, the City of Williamsburg Police Department, Bradley Nighbert, Roger Bird, Jason Wilson, Brad Boyd, Bill Nighbert, and Don Hamlin (the "City Defendants"), alleging federal claims pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Hart also asserted state law claims of assault, battery and intentional infliction of emotional distress. He contends that members of the Williamsburg Police Department used excessive force during his arrest on July 14, 2005, and during an altercation at the jail the following day.

On February 22, 2005, the Court granted the City Defendants' motion for leave of Court to file a Third Party Complaint against Jerry Taylor, individually and in his capacity as Whitley County Jailer, and certain Unknown Employees of the jail (the "Third Party Defendants"), for contribution and indemnity. In the Third Party Complaint, the City Defendants alleged that any damages sustained by the Plaintiff were caused solely, or in part, by Taylor and/or certain employees of the jail.

The Third Party Defendants have now filed a motion to dismiss the claims of the Defendants/Third Party Plaintiffs, arguing, in part, that there is no right to indemnity or contribution for the federal causes of action. Alternatively, they assert that they are not liable for the Plaintiff's injuries and, therefore, should be dismissed from this action.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of

material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**III.  ANALYSIS**

The issue before the Court is whether the City Defendants can maintain their Third Party Complaint against the Third Party Defendants. Rule 14 of the Federal Rules of Civil Procedure governs claims against third parties. This rule provides, in relevant part, that:

> At any time after commencement of the action a defending party as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claims against him.

Fed. R. Civ. P. 14(a). The Third Party Defendants argue that the City Defendants are trying to pass on liability for a § 1983 claim, which they argue is improper because this statutory section does not provide for indemnification or contribution. Further, they contend that they are not liable for Hart's injuries and, therefore, the indemnity and contribution claims must be dismissed. To support their Third-Party Complaint, the City Defendants allege that they are entitled to indemnity and/or contribution from the Third Party Defendants because Taylor and/or certain unnamed employees of the Whitley County Jail caused all or part of Hart's injuries.

   A.   *The City Defendants' Potential Liability Under Section 1983 and the ADA*[1]

---

[1]  The Supreme Court's analysis in *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981), is controlling with respect to the ADA claims. The ADA's enforcement procedures are identical to those set forth in Title VII. Given that Congress enacted the ADA after the Court's decision in *Northwest*, Congress presumably chose to incorporate into the ADA the construction of Title VII remedies set forth in *Northwest*. *See United States v. Jordan*, 915 F.2d 622, 628 (11th Cir.), *cert. denied*, 499 U.S. 979 (1990).

The initial question to be addressed is whether there is a right to contribution or indemnity in actions brought under 42 U.S.C. § 1983. The United States Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981) is instructive with respect to this issue. In *Northwest*, female cabin attendants sued their employer for damages under Title VII and the Equal Pay Act based on collectively bargained wage differentials between male and female attendants. Following a bench trial and decision for the plaintiffs, the employer brought a separate action for contribution against the union signatories to the collective bargaining agreements. In determining whether a right of contribution existed under the Equal Pay Act or under Title VII, the Supreme Court focused its inquiry on the traiditional tools of statutory interpretation, looking at the language of the statute, examining its purpose and structure, and reviewing its legislative history. After considering these factors, the Court held that neither Title VII nor the Equal Pay Act created an express or implied statutory right to contribution.

Given that 42 U.S.C. § 1983 does not explicitly state that there is a statutory right to contribution or indemnity, the Court must determine whether there is an implied statutory right of contribution and/or indemnity under § 1983. *Id*. Although this issue has not been addressed by the Sixth Circuit, many courts that have considered this issue have refused to recognize a right to contribution and/or indemnity under § 1983. *See Allen v. City of Los Angeles*, 92 F.3d 842, 845 n. 1 (9th Cir. 1996) ("There is no federal right to indemnification provided in 42 U.S.C. § 1983."), *overruled on other grounds sub nom*, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th

---

Therefore, the City Defendants have no right of contribution or indemnity against the Third Party Defendant for their potential liability to Hart under the ADA.

Cir. 1997); *Harris v. Angelina County*, 31 F.3d 331, 338 n. 9 (5th Cir. 1994) (noting that most courts have found no right of contribution under § 1983); *Mason v. City of New York*, 949 F. Supp. 1068 (S.D.N.Y. 1996) ("Although courts have struggled with [the right of contribution under § 1983] and have reached different conclusions, the Court determines that there is no right to contribution under Section 1983."); *Koch v. Mirza*, 869 F Supp. 1031, 1040-42 (W.D.N.Y. 1994) (examining the history of § 1983 and § 1988 and determining that there is no right to indemnification or contribution under either of those sections); *Wright v. Reynolds*, 703 F. Supp. 583, 592 (N.D. Tex. 1988); *Gray v. City of Kansas City*, 603 F. Supp. 872, 875 (D. Kan. 1985); *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (W.D. Cal. 1985) (noting that the court was not persuaded that § 1983 provides for indemnification); *Valdez v. City of Farmington*, 580 F. Supp. 19, 21 (D.N.M. 1984) ("there exists no clear authority on the question of whether a § 1983 defendant may seek indemnity from his co-defendant").

In *Northwest*, the Supreme Court made it clear that courts are not free to read a cause of action for contribution and/or indemnity into statutes where no statutory basis exists for such a claim. Here, the City Defendants have not cited any legislative hisotry which would suggest a congressional intent to create a contribution or indemnity remedy under § 1983. Thus, this Court concludes that there is no implied right to contribution or indemnity under § 1983.

The *Northwest* Court also considered whether there was a federal common law right to contribution. Initially, the Court noted that "[a]t common law there was no right to contribution among joint tortfeasors." *Northwest*, 451 U.S. at 86. Further, the Supreme Court has stated that

> absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned

> with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights or States or our relations with foreign nations, and admiralty cases.

*Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981). The *Northwest* Court found that none of these "narrow areas" provided authority for it to create a federal common law right to contribution under either Title VII or the Equal Pay Act. *Id*. at 98. That analysis is equally applicable in a § 1983 action. Additionally, in *Deneger v. Hall Contracting Corp.*, 27 S.W.3d 775, 782 (Ky. 2000), the Supreme Court of Kentucky noted that there is no federal common law right to indemnity or contribution. Specifically, the Court stated that "federal courts have held that th[e] state law remedies [of contribution and indemnity] cannot be applied to causes of action created by federal statutes."

Based on the foregoing authorities, this Court concludes that the City Defendants' claims for indemnification and/or contribution, to the extent they arise out of their potential § 1983 liability, are impermissible inasmuch as there is no statutory right or common law right to contribution and/or indemnity under 42 U.S.C. § 1983.

> B.   *The City Defendants' Potential Liability Under the State Law Claims of Assault, Battery and Intentional Infliction of Emotional Distress*

To the extent that the City Defendants seek contribution and indemnification based on their potential liability for the state law claims of assault, battery and/or intentional infliction of emotional distress, the Court must also consider whether Kentucky's requirements for indemnity and contribution are satisfied. *See e.g.*, *Acree v. Tyson Bearing Co.*, 2002 WL 463263 (W.D. Ky. Jan. 17. 2002).

Under Kentucky law, "[t]he right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Deneger*, 27 S.W.3d at 778. Similarly, the right to indemnity "is available to one exposed to liability because of the wrongful act of another" but who is not equally at fault with the wrongdoers. *Id*. Indemnity can be invoked in two situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id*. (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934).

Contribution is appropriate only when negligence is alleged, not when recovery is sought for an intentional wrong. *Sutton v. Morris*, 44 S.W. 127 (Ky. 1898); *see* K.R.S. § 412.030 ("Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."). Here, Hart contends that the City Defendants used excessive force in effectuating his arrest and when they returned to the jail the following day for photographs and fingerprints. The City Defendants seek contribution and indemnity from the Third Party Defendants, alleging that Taylor and others at the Whitley County Jail are responsible for any injuries sustained by Hart. Because this action is one based on an alleged intentional tort, the City Defendants cannot maintain a contribution action against the Third Party Defendants.

The City Defendants, however, can maintain their indemnity claim. Although this is not a situation analogous to a master-servant scenario, it is possible that the Third Party Defendants were "the primary and efficient cause" of Hart's injuries. Under Rule 14, a third party may be impleaded only if the third party "is or may be liable to [the original defendant] for all or part of the plaintiff's claims against them." In this case, the City Defendants may be liable for Hart's injuries based on their alleged use of excessive force at the time of his arrest or at the jail the following day. However, it is also possible that a jury could conclude, as the City Defendants suggest, that Hart's injuries were caused, in whole or in part, by the Third Party Defendants' failure to adequately supervise Hart at the jail or failure to provide him with proper medical attention after he sustained injuries at the jail.

Based on these factual allegations, it is possible that a jury could find that the actions of the Third Party Defendants are, in whole or in part, responsible for Hart's injuries and that the City Defendants may be relieved of liability to Hart to that extent. Therefore, the City Defendants' indemnity claim, to the extent it arises out of their potential liability for assault, battery and/or intentional infliction of emotional distress, may proceed.

### IV.   CONCLUSION

Accordingly, for the reasons discussed, it is hereby **ORDERED** as follows:

(1)   The Third Party Defendants' Motion to Dismiss, which has been converted into a Motion for Summary Judgment, [Record No. 29] is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Opinion and Order;

(2) The City Defendants' contribution claim against the Third Party Defendants is **DISMISSED**;

(3) The City Defendants' indemnity claim, to the extent it is based on 42 U.S.C. § 1983, is **DISMISSED**;

(4) The City Defendants' indemnity claim, to the extent it is based on the state law claims of assault, battery and/or intentional infliction of emotional distress, shall remain for resolution.

This 16th day of July, 2005.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**